**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

FREDERICK DRAVES,

        Plaintiff,

-vs-                                              Case No. 6:10-cv-365-Orl-31GJK

INTERNATIONAL PAINTERS AND
ALLIED TRADES PENSION FUND,

        Defendant.

_____

## ORDER

This matter comes before the Court on the Motion for Summary Judgement (Doc. 34) filed by the Defendant, International Painters and Allied Trades Pension Fund (the "Pension Fund"), the Response (Doc. 38) filed by Plaintiff, Frederick Draves ("Draves"), and the Reply (Doc. 39) filed by the Pension Fund.

**I.    Background**

The following facts are undisputed. The Pension Fund is a multiemployer employee benefit plan governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. Only a few of the provisions in the Pension Fund Plan are relevant to the instant case. To become a "participant" in the Pension Fund, an employee is first required to complete at least 1000 hours of service in a 12-consecutive month period. (Doc. 39 at 5). This period is measured from the first day of employment. *Id*. To become "vested," an employee must earn five years of "vesting service." (Doc. 34, ¶ 7). A year of vesting service is credited to an employee who works over 1000 hours in a calendar year (i.e. January 1 through December 31). *Id*. This includes hours earned by an employee before

becoming an official participant. (Doc. 39 at 6). Any calendar year in which a participant works less than 450 hours is credited as a "break in service." (Doc. 34, ¶¶ 8-11). Five breaks in service result in a "permanent break," which means loss of participant status and all accumulated benefit hours unless the participant is vested. (Doc. 34, ¶ 11).

Draves began working for contributing employers covered under the Pension Fund in August of 1997.[1] He became eligible to be a participant by August of 1998, having accumulated greater than 1000 hours of service in the prior 12-consecutive-month period. Pursuant to the Pension Fund Plan, he officially became a participant on January 1, 1999. Since vesting service hours can be earned by an employee before obtaining participant status, Draves began earning vesting service on January 1, 1998. The service record reveals that Draves earned more than 1000 hours in the following calendar years: 1998, 1999, 2001, and 2002. (Doc. 34 at 10). Although Draves continued to work until he became disabled in 2004, he never worked more than 1000 hours in any other calendar year. Therefore, according the to terms of the plan, Draves earned four years of vesting service. In August of 2006, Draves applied for benefits but was denied by the Pension Fund because he accumulated only four years of vesting service, not the five required for vested benefits. (Doc. 34, ¶¶ 12-15; Doc. 38, ¶ 7). By 2007, Draves incurred a permanent break in service because he worked less than 450 hours in 2003 and 2004, and no hours in 2005, 2006 and 2007. Draves argues he should be credited with an additional year of vesting service for hours he worked between August 1997 and August 1998.

For the reasons discussed *infra*, Defendant's Motion for Summary Judgement will be granted.

**II. Standards**

---

[1] Draves actually began working for a contributing employer in 1996, but since he earned only eight hours that year, it does not factor into the relevant calculations.

### A. Summary Judgement

A party is entitled to summary judgment when it can show that there is no genuine issue as to any material fact. FED. R. CIV. P. 56(c); *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458 (11th Cir. 1994). Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Watson v. Adecco Employment Servs., Inc.*, 252 F. Supp. 2d 1347, 1351-52 (M.D. Fla. 2003). In determining whether the moving party has satisfied its burden, the court considers all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion, and resolves all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255.

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the non-moving party bears the burden of proof at trial, the non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324-25 (internal quotations and citations omitted). Thereafter, summary judgment is mandated against the non-moving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id*. at 322, 324-25; *Watson*, 252 F. Supp. 2d at 1352. The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value") (citations omitted); *Broadway v. City of Montgomery, Ala.*, 530 F.2d 657, 660 (5th Cir. 1976).

The Court must consider all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion, and resolve all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255. The Court is not, however, required to accept all of the non-movant's factual characterizations and legal arguments. *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458-59 (11th Cir 1994).

### B. ERISA

In reviewing the decisions of ERISA plan administrators, the Eleventh Circuit employs a six-step analysis that begins with a *de novo* review of the claim administrator's benefits-denial decision. *Capone v. Aetna Life Ins. Co.*, 592 F.3d 1189, 1195 (11th Cir. 2010). If the court finds that the decision was correct, the judicial inquiry ends and the decision is affirmed. *Id*. If the decision was "*de novo* wrong*,*" the court must look to whether the administrator was vested with discretion, whether the decision was supported by "reasonable grounds" and whether there was a conflict of interest. *Id.*[2]

## III. Analysis

The only dispute in this case is whether Draves should receive credit towards vesting service for the 306 hours he worked between August 1997 and January 1998.[3] Draves does not dispute the provisions of the Plan. Instead, he appears to argue either, (1) that the 306 hours he earned in 1997 should be added to the 852 hours he worked in 2000 (Doc. 38, ¶¶ 18-20); or (2) that vesting service hours should be calculated in 12-month periods starting with the date of his employment in August

---

[2] Because the Court agrees with the Pension Fund's decision, it is unnecessary to describe the latter steps of the analysis in detail.

[3] Draves does not dispute that he is ineligible for disability pension under Article 6, Section 6.12 of the Plan. (Doc. 38, ¶ 9). He only disputes the administrator's determination that he is ineligible for vested benefits pursuant to the Plan. (Doc. 38, ¶ 10).

1997, rather than by calendar year. (Doc. 38, ¶ 25). The Court rejects the first argument because Draves points to no textual support for his assertions in the Pension Fund Plan or under ERISA.

As for Draves' second argument, ERISA has distinct and specific requirements for how a covered plan is supposed to calculate hours for participation and vesting. To calculate participation, "the initial eligibility computation period the plan *must* use is the 12-consecutive-month period beginning on the employment commencement date." 29 U.S.C. § 1002(19) (emphasis added). In contrast, to calculate vesting, "a plan *may designation any 12-consecutive-month period* as the vesting computation period," so long as it applies "equally to all participants." 29 C.F.R. § 2530.202-2(a) (emphasis added). In the instant case, the Pension Fund chose to designate a calendar year as the vesting computation period. Applying that method, although Draves began working under the Pension Fund Plan in August of 1997, he did not actually begin earning vesting service until January 1998. The only calendar years during which he earned more than 1000 hours, and thus vesting service, were 1998, 1999, 2001, and 2002. Thus, under the calculation method in the Plan, Draves only earned four years of vesting credit. (Doc. 34, ¶ 4; Doc. 38, ¶ 11; Doc. 39 at 2). Draves points out that if vesting service was calculated in a 12-month period beginning from the date of his employment in August of 1997, he would have five years of vesting credit by 2004. (Doc. 38, ¶¶ 20, 25). While this may be true, it is irrelevant for two reasons: (1) the Pension Fund Plan does not provide for such a calculation; and (2) ERISA does not require a pension plan to measure vesting service from the beginning of employment. *See* 29 C.F.R. § 2530.202-2(a).[4]

---

[4] In regards to the computation method for vesting, the regulations also state: "[t]he plan is prohibited, however, from using any period that would result in artificial postponement of vesting credit, such as a period measured by anniversaries of the date four months following the employment commencement date." 29 C.F.R. § 2530.202-2(a). Read as a whole, the regulation merely prohibits

Accordingly, the Court agrees with the Pension Fund's benefit-denial decision in this case. The Defendant is entitled to a judgment as a matter of law.

**IV. Conclusion**

For the foregoing reasons, it is **ORDERED** that Defendant's Motion for Summary Judgment (Doc. 34) is **GRANTED**. The Clerk of the Court is directed to enter judgment in favor of Defendant, International Painters and Allied Trades Pension Fund, and against Plaintiff, Frederick Draves, on all counts in the Complaint and to thereafter close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on September 15, 2011.

Copies furnished to:

Counsel of Record

                                            **GREGORY A. PRESNELL**
                                            **UNITED STATES DISTRICT JUDGE**

Unrepresented Party

---

arbitrary computation periods designed to delay vesting. The computation method in this case does not fall into such a category.